IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| **BRIAN EDWARD FRANKLIN** § | |
| § | |
| V.  § | A-09-CA-560-LY |
| § | |
| **SHARON KELLER, LAWRENCE E.** § | |
| **MEYERS, TOM PRICE,** § | |
| **PAUL WOMACK, CHERYL JOHNSON,** § | |
| **MICHAEL E. KEASLER, BARBARA P.** § | |
| **HERVEY, CHARLES R. HOLCOMB,** § | |
| **and CATHY COCHRAN** § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint, brief in support and supplemental pleading. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Ramsey I Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. In 1995, Plaintiff was convicted by a jury of aggravated sexual assault of a child under fourteen years

1

Case 1:09-cv-00560-LY   Document 12   Filed 05/19/10   Page 2 of 7

of age.  Ex parte Franklin, 72 S.W.3d 671 (Tex. Crim. App. 2002).  Plaintiff's punishment was assessed at life in prison.  Plaintiff's conviction was affirmed on October 18, 1996.  Franklin v. State, No. 2-95-084-CR (Tex. App. – Fort Worth Oct. 18, 1996, pet. ref'd) (not designated for publication).

In May of 1998 the Tarrant County District Attorney's Office notified Plaintiff's trial counsel that it had received an affidavit from the police in which the victim in Plaintiff's case stated she had been sexually assaulted by her step-father, a friend of the plaintiff, from the time when she was six-years-old until the time her mother moved her away from her step-father.  Ex parte Franklin, 72 S.W.2d at 673. At Plaintiff's trial the victim had testified that prior to the time of the sexual assault by Plaintiff, she had never had sexual relations with anyone.  Id.

In 1999 Plaintiff filed a post-conviction application for a writ of habeas corpus, claiming he was actually innocent.  Id. at 672.  The trial court conducted an evidentiary hearing.  Id. 672.  The lead prosecutor testified she might have moved to dismiss the case if she had found out about the victim's perjury during trial.  Id. at 674.  Dr. Jan Lamb, the doctor who examined the victim, following her outcry, testified she would not have been able to testify at trial as to whether Plaintiff's actions or the victim's step-father's action caused the blunt force trauma to the victim's hymen.  Id. Dr. Lamb further testified her opinion of the victim's credibility had not changed, because it is not unusual for children who are victims of sexual abuse not to discuss their sexual abuse.  Id.  Plaintiff also testified at that hearing.  Id.  He produced various receipts and a phone bill in order to provide an alibi for the time period during which it was believed that the offense occurred.  Id.  The Court of Criminal Appeals noted none of these documents were introduced at Plaintiff's trial even though they were available at that time.  Id.  The victim testified that aside from the statement that she had never engaged in sexual intercourse before, everything else to which she testified during Plaintiff's

trial was true. Id. She testified that the reason that she did not tell anyone about the sexual abuse she suffered by her step-father, J.G., was that she was afraid of him. Id. She explained that she was unable to tell the prosecutor, Dr. Lamb, or counselors that she was being abused by J.G. due to the fact that he would almost always accompany her to the meetings. Id. She stated that he was even in the room the day on which Dr. Lamb conducted the sexual assault examination. Id. Moreover, she testified that during the couple of times that J.G. did not accompany her to the appointments, he would insist that she tell him what had happened during the meetings. Id. He was angry when he found out that the victim had reported the sexual assault by Plaintiff because he was afraid that people would find out about his own actions. Id. On cross-examination, the victim stated that contact with J.G. had also caused her to bleed on a few occasions, but not as much as she bled following the assault by Plaintiff. Id.

The district court recommended that habeas relief be granted. Specifically, the trial court concluded that "Applicant Franklin has shown by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence." Id. at 675. Despite the recommendation, the Texas Court of Criminal Appeals denied Petitioner's application for habeas corpus relief on April 10, 2002. The Texas Court of Criminal Appeals held that when an applicant asserts a Herrera-type claim based on newly discovered evidence, the evidence presented must constitute affirmative evidence of the applicant's innocence. Id. at 678. The court concluded that Plaintiff's new evidence was not dispositive of Plaintiff's claim of innocence. Id.

Plaintiff, represented by counsel, filed a federal application for habeas corpus relief on September 9, 2003. See Franklin v. Dretke, No. 4:03-CV-934-A (N.D. Tex.). The application was dismissed as time-barred on May 17, 2004. Plaintiff's request for a certificate of appealability was

denied by the Fifth Circuit on October 20, 2004. Franklin v. Dretke, No. 04-10641 (5th Cir. 2004). Plaintiff subsequently filed a motion for reconsideration, which was denied on February 16, 2005. Plaintiff also filed a petition for rehearing en banc, which was denied on March 16, 2005. Plaintiff then filed a petition for writ of certiorari which was denied by the Supreme Court on June 19, 2006. Franklin v. Quarterman, 547 U.S. 1205, 126 S. Ct. 2916 (2006).

Plaintiff asserts in January 2008 he filed a subsequent state application for habeas corpus relief. Ex parte Franklin, Appl. No. 44,521-02. The Texas Court of Criminal Appeals dismissed the application as successive on February 27, 2008.

Plaintiff now files a civil rights complaint, arguing that the Texas Court of Criminal Appeals only considered "newly discovered" evidence when it considered his state application for habeas corpus relief. Plaintiff contends the court should have also considered the "newly presented" evidence. Plaintiff seeks a declaratory judgment and requests the Court to enjoin the justices of the Texas Court of Criminal Appeals from limiting their review on actual innocence claims to "newly discovered" evidence and require the justices to consider all evidence regarding innocence.

DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.    Mandamus

Plaintiff's complaint may be construed as a request for mandamus relief. However, a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970). Accordingly, Plaintiff's claims should be dismissed.

    C.    Declaratory and Injunctive Relief

To the extent Plaintiff's complaint should not be construed as a request for mandamus relief his claims should nevertheless be dismissed. Essentially, Plaintiff claims he is innocent of the crime of which he was convicted and the justices of the Texas Court of Criminal Appeals violated his constitutional rights by failing to properly review his writ application challenging his conviction. While judicial immunity does not bar declaratory or injunctive relief, Plaintiff's claims are still barred. Although Plaintiff argues to the contrary, his complaint is simply an attempt to challenge the validity of his current confinement, and as a result should be brought in a habeas corpus proceeding. Severin v. Parish of Jefferson, No. 09-30395, 2009 WL 4885161, at *3 (5th Cir. 2009) (citing Holloway v. Walker, 765 F.2d 517, 525 (5th Cir. 1985); Smith v. Judges of La. Fifth Circuit

Court of Appeal, Civ. Action No. 08-4350, 2009 WL 78430, at *2 (E.D. La. Jan. 9, 2009); Preiser v. Rodriguez, 411 U.S. 475, 600, 93 S. Ct. 1827 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")).  Because Plaintiff has already challenged his conviction in a federal application for habeas corpus relief and his application was dismissed as time-barred, it is unnecessary for the Court to construe Plaintiff's complaint as a petition for habeas corpus. Plaintiff may not circumvent the statute of limitations governing habeas corpus applications by filing a civil rights action.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of May, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE